678 A.2d 376

**COMMONWEALTH of Pennsylvania**

**v.**

**Douglas Clark J. NAGLE, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted April 30, 1996.

Filed May 30, 1996.

Paul E. Herbein, Kutztown, for appellant.

18

Eric J. Fabrizio, Assistant District Attorney, Reading, for the Commonwealth, appellee.

Before CIRILLO, President Judge Emeritus, and DEL SOLE, J., and CERCONE, President Judge Emeritus.

CIRILLO, President Judge Emeritus.

Douglas Clark J. Nagle, Jr. appeals from a judgment of sentence entered in the Court of Common Pleas of Berks County finding him guilty of violating section 1543(b) of the Motor Vehicle Code. We reverse.

In the early morning hours of May 7, 1995, Officer Waligorski received a police radio report of a suspicious looking dark green pick-up truck that had been driving up and down a private neighborhood street in Berks County for over two hours. Residents of the neighborhood had called the local police station to report this suspicious vehicle. Within minutes of receiving the report, Officer Waligorski arrived on the scene where he witnessed a dark green truck fitting the report's description. The truck, which was not involved in any apparent moving violations, was driven by appellant Douglas Nagle, Jr. The officer then stopped the truck and asked Nagle for his driver's license. Nagle admitted that he did not have his license, due to the fact that it had been suspended for failure to submit to a chemical test during a DUI investigation. Officer Waligorski issued Nagle a citation for Driving While Operating Privileges were Under Suspension, pursuant to Pa.S.C.A. § 1543(b).[1]

A trial was held before District Justice John F. Dougherty, at which time Nagle was found guilty of violating section 1543(b). Nagle then appealed to the Court of Common Pleas of Berks County requesting a trial *de novo*.[2] After a *de novo* hearing, Nagle was found guilty of violating 75 Pa.C.S.A. § 1543(b), fined $1,000.00, and sentenced to a 90–day period of

---

1. Nagle was also issued a citation for an equipment violation. Apparently the steering wheel on Nagle's truck was smaller than the legal size required for a truck. Nagle has not appealed this citation.

2. Nagle also filed a motion for a writ of *habeas corpus* which the trial court denied.

imprisonment. Prior to Nagle's conviction under section 1543(b), the trial court denied a motion to suppress any information received during Officer Waligorski's stop. Nagle now appeals, raising the following issue for our consideration: Did the trial court err in denying defendant's motion for suppression of physical evidence and/or statements?

When we review an order denying a motion to suppress evidence, we must determine whether the factual findings of the trial court are supported by the evidence of record. *Commonwealth v. Donahue*, 428 Pa.Super. 259, 278, 630 A.2d 1238, 1247 (1993) (citations omitted). In making this determination, this court may only consider the evidence of the Commonwealth's witnesses, and so much of the witnesses for the defendant, as fairly read in the context of the record as a whole, which remains uncontradicted. *Id.* If the evidence supports the findings of the trial court, we are bound by such findings and may reverse only if the legal conclusions drawn therefrom are erroneous. *Id.*

Nagle contends it was error for the trial court to admit evidence which had been obtained from an illegal investigatory stop. Specifically, he claims that the trial court should have suppressed the evidence obtained by Officer Waligorski regarding his driving record, since Officer Waligorski did not have reasonable suspicion to stop his vehicle. We agree.

This court, in *Commonwealth v. Knotts*, 444 Pa.Super. 60, 663 A.2d 216 (1995), aptly summarized the law regarding legal stops of motor vehicles:

> When police stop a vehicle in this Commonwealth for investigatory purposes, the vehicle and its occupants, are considered "seized" and this seizure is subject to constitutional constraints. *Commonwealth v. Blouse*, 531 Pa. 167, 611 A.2d 1177 (1992).
>
> [A]n officer may make an investigatory stop where he observes unusual conduct which leads him reasonably to conclude that criminal activity may be afoot. Such an investigatory stop of an automobile must be based on objective facts creating a reasonable suspicion that the

motorist is presently involved in criminal activity. The officer must be able to point to specific and articulable facts which[,] taken together with rational inferences from these facts[,] reasonably warrant the intrusion.

*Commonwealth v. Valenzuela,* 408 Pa.Super. 399, 408, 597 A.2d 93, 98 (1991) (citations omitted).

*Id.,* 444 Pa.Super. at 64, 663 A.2d at 218–19.

In this case, we must determine whether the information available to Officer Waligorski at the time he pulled over Nagle's truck created a reasonable suspicion that Nagle was "presently involved in criminal activity." When Officer Waligorski stopped Nagle he had information from a police report that: (1) there was a suspicious vehicle travelling up and down Vista Road, in Berks County; (2) the vehicle would travel east and westbound on the road, then stop for several minutes, and then resume its back and forth journey up and down the road; (3) the vehicle had been engaged in such activity for approximately two hours; and (4) the vehicle was a large green pickup truck.

When we evaluate the evidence available to Officer Waligorski based upon the "totality of the circumstances" at the time he stopped Nagle, it is clear that the quantity of the information was extremely limited. First, there was a dearth of information regarding the allegedly suspicious activity of Nagle's truck; the facts which were provided in the report were extremely unsuspecting and general in nature. Accordingly, the report provided Officer Waligorski with no objective facts creating a reasonable suspicion that Nagle was *presently* involved in criminal activity at the time of the investigatory stop. *See Knotts, supra.*

In addition, while this court recognizes that an officer may stop a vehicle which is believed to have committed a violation of the Motor Vehicle Code, *Commonwealth v. Baer,* 439 Pa.Super. 437, 654 A.2d 1058 (1994), *allocatur denied in* 543 Pa. 690, 670 A.2d 139 (1995), Officer Waligorski testified at the suppression hearing that "[t]here were no Motor Vehicle Code violations" occurring at the time he observed Nagle's vehicle.

When the officer stopped Nagle, he did not have any facts or information which would have led him to believe that a violation of the Motor Vehicle Code had reasonably occurred. In view of these facts, we cannot conclude that Officer Waligorski had the requisite reasonable suspicion to stop Nagle.

In *Commonwealth v. DeWitt*, 530 Pa. 299, 608 A.2d 1030 (1992), our supreme court held that troopers did not have reasonable suspicion of criminal conduct to justify the stop of an automobile which had been observed to be parked half on the berm of the road and half in a church parking lot, facing the other way of oncoming traffic. The automobile had its dome light on and its outside lights off and attempted to leave the parking lot when the officers arrived on the scene. Although police had previous notice from the church property's owner of criminal behavior in the parking lot, because there was no evidence that the vehicle in question was engaged in criminal activity, the court suppressed all evidence seized as a result of the illegal stop.

Unlike the property owners in *DeWitt*, the residents of Vista Road had not given the police notice of any previous criminal activity in their neighborhood before Officer Waligorski's "stop" of the appellant. Additionally, the Commonwealth failed to produce any witnesses who could provide specific or articulable facts showing that Nagle was presently involved in criminal activity when stopped by the officer. Accordingly, there were no independent circumstances justifying a person of reasonable caution to believe that Nagle had committed a crime. *Knotts, supra*. Because we find that the trial court's legal conclusions are not supported by the evidence of record, *Donahue, supra*, we reverse the judgment of sentence. *DeWitt, supra*.

Judgment reversed.

DEL SOLE, J., dissents.